**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Elise M Kinsey,<br><br>Plaintiff,<br><br>v.<br><br>Department of Veterans Affairs, et al.,<br><br>Defendants. | No. CV-19-00835-PHX-SMB<br><br>**ORDER** |

Pending before the Court is Defendant United States Department of Veterans Affairs' Motion to Dismiss (Doc. 7). Plaintiff Elise Kinsey filed a response (Doc. 12) and Defendant United States Department of Veterans Affairs (the "United States" or "VA") filed a reply (Doc. 13). The Court has now considered the pleadings and relevant case law. The United States moves to dismiss the claims under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim.

**I.  BACKGROUND**

Plaintiff initiated this action on November 6, 2018, by filing her Complaint in the Superior Court of Arizona in Maricopa County. (Doc. 1-3 at 3). On February 8, 2019, the United States noticed removal of this matter to the United States District Court for the District of Arizona. (Doc. 1).

Plaintiff, in her Complaint, alleges problems with an electric wheelchair. She said the problems began in January 2018 "when chair spun out as plaintiff ascended up a metal ramp. Plaintiff[']s right foot became wedged under ramp and chair." (Doc. 1-3 ¶ 5). She

then proceeded to call the VA for a chair evaluation. AAA Mobility sent technicians to evaluate the chair in April 2018. (Doc. 1-3 ¶ 6). She alleges that the technicians found the following: "bent large right tire, bolt missing from rt side suspension, worn wheel." (Doc. 1-3 ¶ 6). Plaintiff stated that Donna, from VA Rehab, would not approve repairs until she made her own evaluation, which was scheduled for July 25, 2018. (Doc. 1-3 ¶ 7). The suspension on both sides of the chair failed before Donna's evaluation. (Doc. 1-3 ¶ 8). On July 11, 2018, the chair lifted and slammed plaintiffs left foot into bus gate while she was boarding a bus. (*Id.*). Plaintiff suffered a broken toe as a result. (*Id.*). At her meeting with Donna, it was agreed that a new scooter would be ordered. (Doc. 1-3 ¶ 9). When Plaintiff returned to the VA to pick up the scooter, she was told the scooter disappeared. (Doc. 1-3 ¶ 12). Plaintiff says that another scooter was ordered and was supposed to be delivered two months later but no delivery was ever made. (*Id.*). She also alleges that there is a dispute about whether the new scooter was a three-wheel scooter or a four-wheel scooter. (Doc. 1-3 ¶ 15)

Plaintiff stated that Claim 1 is supported by the Federal Tort Claim Acts, Culpable Negligence, and Professional Negligence/malpractice. (Doc. 1-3 at 5). She stated that Claim 2 is supported by Breach of Contract, NE Code 44-2810 and 13-302. (Doc. 1-3 at 5).

## II. LEGAL STANDARD

### A. Subject Matter Jurisdiction

Under Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss a claim for lack of subject-matter jurisdiction. "Federal courts are courts of limited jurisdiction" and may only hear cases as authorized by the Constitution or Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The party asserting jurisdiction bears the burden of proof. *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990). When the plaintiff does not meet the burden of showing the court has subject-matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3). "Because subject-matter jurisdiction involves a court's power to hear a case, it can never

be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002).

### B. Failure to State a Claim

To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Rule 8(a)(2). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A complaint that sets forth a cognizable legal theory will survive a motion to dismiss if it contains sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Facial plausibility exists if the pleader sets forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Plausibility does not equal "probability," but requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

"A party does not need to plead specific legal theories in the complaint, as long as the opposing party receives notice as to what is at issue in the lawsuit." *Elec. Constr. & Maint. Co. v. Maeda Pac. Corp.*, 764 F.2d 619, 622 (9th Cir.1985) (citing *Am. Timber & Trading Co. v. First Nat'l Bank of Or.*, 690 F.2d 781, 786 (9th Cir. 1982)). "The complaint should not be dismissed merely because plaintiff's allegations do not support the legal theory he intends to proceed on, since the court is under a duty to examine the complaint to determine if the allegations provide for relief on any possible theory." *Pruitt v. Cheney*,

963 F.2d 1160, 1164 (9th Cir. 1991), *amended* (May 8, 1992) (quoting 5A C. Wright & A. Miller, *Federal Practice and Procedure* § 1357 at 336–37 (1990)). Furthermore, "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Rivera v. Coventry Health & Life Ins. Co.*, No. CV-15-02213-PHX-GMS, 2016 WL 3548763, at *2 (D. Ariz. June 30, 2016) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Courts should "continue to construe *pro se* filings liberally when evaluating them under *Iqbal*." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). In ruling on a Rule 12(b)(6) motion to dismiss, the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).

## III. ANALYSIS

### A. Procedural Defect

In addition to Plaintiff's Response (Doc. 12), Plaintiff filed an additional "Response" (Doc. 24) without moving for leave to do so. To the extent this document is a "sur-reply" to Plaintiff's Motion (Doc. 7) or Reply (Doc. 13), the rules do not contain a provision allowing parties to file sur-replies. *See Armenta v. Spencer*, No. CV-16-00697-TUC-DCB, 2018 WL 4698648, at *1 (D. Ariz. Oct. 1, 2018) ("There is no provision for Sur-replies."). And even then, "[c]ourts generally view motions for leave to file a sur-reply with disfavor." *Whitewater W. Indus., Ltd. v. Pac. Surf Designs, Inc.*, No. 3:17-CV-01118-BEN-BLM, 2018 WL 3198800, at *1 (S.D. Cal. June 26, 2018). The Court will strike Doc. 24 to the extent it is a second response to Defendant's Motion to Dismiss or a "sur-reply" to Defendant's Reply.

### B. Subject Matter Jurisdiction

To the extent Plaintiff brings this action to address the VA's determination of her benefits in repairing/replacing her wheelchair, Defendant argues that this Court lacks subject matter jurisdiction over such claims because "the sole avenue to challenge the VA's decision regarding Plaintiff's scooter replacement is the Board of Veterans' Appeals."

(Doc. 7 at 3–5). "In general, review of decisions made in the context of an individual veteran's VA benefits proceedings are beyond the jurisdiction of federal courts outside the review scheme established by the [Veterans' Judicial Review Act]." *Veterans for Common Sense v. Shinseki*, 678 F.3d 1013, 1023 (9th Cir. 2012). Under 38 U.S.C. § 511, this Court lacks jurisdiction of a claim "if it requires the district court to review VA decisions that relate to benefits decisions." *Id.* at 1025 (internal quotation marks and citation omitted); *see also Recinto v. U.S. Dep't of Veterans Affairs*, 706 F.3d 1171, 1175 (9th Cir. 2013) ("[A] district court does not have jurisdiction over claims that would require it to review a question of fact or law relating to or affecting veterans' benefits decisions."). Benefits include "any payment, service, . . . or status, entitlement to which is determined under laws administered by the Department of Veterans Affairs pertaining to veterans[.]" *Veterans for Common Sense*, 678 F.3d at 1026 (quoting 38 C.F.R. § 20.3(e)) (alteration in original); *see also Sheppard v. United States*, No. CV-15-00574-PHX-DJH, 2015 WL 12658461, at *2 (D. Ariz. Aug. 3, 2015). "[I]f reviewing Plaintiffs' claim would require review of the circumstances of individual benefits requests, jurisdiction is lacking." *Haas v. Oregon Health & Sci. Univ.*, No. CV-13-01290-PHX-GMS, 2014 WL 900726, at *2 (D. Ariz. Mar. 7, 2014).

Plaintiff appears to be contesting the VA's handling of her requests for repair and replacement of her scooter, a request that "would require review of the circumstances of individual benefits requests." Accordingly, this court lacks jurisdiction of such a request.

**C. Federal Torts Claims Act**

Defendant argues that, alternatively, if Plaintiff's claim is construed as a tort, there are jurisdictional limitations imposed by the Federal Torts Claims Act ("FTCA"). (Doc. 7 at 5). Even if Plaintiff's allegations can be construed to not concern benefits decisions, over which this Court does not have jurisdiction, such claims could be barred by limitations of the FTCA.

In *Veterans for Common Sense v. Shinseki*, the Ninth Circuit acknowledged that it "continue[s] to have jurisdiction to hear some claims brought by individual veterans under

the FTCA." *Tunac v. United States*, 897 F.3d 1197, 1203 (9th Cir. 2018) (citing *Veterans for Common Sense*, 678 F.3d at 1023 & n.13). While the United States has sovereign immunity and cannot be sued without its consent, the FTCA provides consent for certain tort claims brought against the United States. *Rodriguez v. Swartz*, 899 F.3d 719, 739 (9th Cir. 2018). "The FTCA acts as a limited waiver of sovereign immunity for specific types of torts committed by government employees, and is the exclusive remedy for tortious conduct by the United States." *Oliveira v. United States*, No. CV-16-02925-PHX-DLR, 2017 WL 3172865, at *2 (D. Ariz. July 26, 2017). "A tort claimant may not commence proceedings in court against the United States without first filing her claim with an appropriate federal agency and either receiving a conclusive denial of the claim from the agency or waiting for six months to elapse without a final disposition of the claim being made." *Jerves v. United States*, 966 F.2d 517, 519 (9th Cir. 1992); *see* 28 U.S.C. § 2675(a). "We have repeatedly held that this claim requirement of section 2675 is jurisdictional in nature and may not be waived.'" *Id.* (internal quotation marks and citation omitted).

Plaintiff has not indicated that she has filed a claim concerning these allegations with the agency, and Defendant has submitted an affidavit from a Deputy Chief Counsel of the U.S. Department of Veterans Affairs indicating that Plaintiff had never filed an administrative tort claim with the VA pertaining to the allegations in the Complaint. (Doc. 7-1 at 2). Accordingly, Plaintiff has not met the jurisdictional requirements of the FTCA.

**D. Remaining Claims**

Defendant argues that even if this Court did have jurisdiction, the remaining claims fail to state a claim upon which relief may be granted. (Doc. 7 at 6–7). Plaintiff asserts liability for Breach of Contract, but none of the allegations indicate there was a contract between Plaintiff and the United States. She also asserts liability under NE Code 44-2810 and 13-302. "NE Code 44-2810" is a statute under Nebraska's Hospital-Medical Liability Act. Plaintiff has alleged no activities occurring in Nebraska, or even outside of the state of Arizona. Lastly, she asserts a claim under "13-302 Criminal Liability," which the Court assumes refers to A.R.S. § 13-302, a statute in Arizona's criminal code. "The general rule

is that no private cause of action should be inferred based on a criminal statute where there is no indication whatsoever that the legislature intended to protect any special group by creating a private cause of action by a member of that group," *Phoenix Baptist Hosp. & Med. Ctr., Inc. v. Aiken*, 877 P.2d 1345, 1350 (Ariz. Ct. App. 1994) (internal quotation marks and citation omitted). These statutes are inapplicable to Plaintiff's alleged facts.

Accordingly,

**IT IS ORDERED granting** Defendant United States Department of Veterans Affairs' Motion to Dismiss (Doc. 7).

**IT IS FURTHER ORDERED striking** Plaintiff's "sur-reply" (Doc. 24).

Dated this 4th day of September, 2019.

_____
Honorable Susan M. Brnovich
United States District Judge