WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Elise M Kinsey,<br><br>Plaintiff,<br><br>v.<br><br>Department of Veterans Affairs, et al.,<br><br>Defendants. | No. CV-19-00835-PHX-SMB<br><br>**ORDER** |

Pending before the Court is Defendant AAA Mobility Specialists, LLC's Motion to Dismiss (Doc. 10). Plaintiff Elise Kinsey filed a response (Doc. 22), and Defendant AAA Mobility Specialists, LLC ("AAA") filed a reply (Doc. 26). The Court has now considered the pleadings and relevant case law. AAA moves to dismiss the claims against them under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction, Rule 12(b)(5) for insufficient service of process, and Rule 12(b)(6) for failure to state a claim.

**I.  BACKGROUND**

Plaintiff initiated this action on November 6, 2018, by filing her Complaint in the Superior Court of Arizona in Maricopa County. (Doc. 1-3 at 3). Service was executed on November 21, 2018, on the Department of Veteran Affairs.[1] There is no proof of service on AAA. On February 8, 2019, the United States noticed removal of this matter to the

---

[1] The notice of service shows that the Maricopa County Sheriff's Office served the "Department of Veteran/AAA Mobility" on November 21, 2018, "by delivering to Maria Amarillas, Legal Assistant, VA Hospital Legal Department, who is authorized to accept service[.]" (Doc. 1-3 at 23).

United States District Court for the District of Arizona. (Doc. 1).

Plaintiff, in her Complaint, alleges problems with an electric wheelchair. She said the problems began in January 2018 "when chair spun out as plaintiff ascended up a metal ramp. Plaintiff[']s right foot became wedged under ramp and chair." (Doc. 1-3 ¶ 5). She then proceeded to call the VA for a chair evaluation. AAA Mobility sent technicians to evaluate the chair in April 2018. (Doc. 1-3 ¶ 6). She alleges that the technicians found the following: "bent large right tire, bolt missing from rt side suspension, worn wheel." (Doc. 1-3 ¶ 6). Plaintiff stated that Donna, from VA Rehab, would not approve repairs until she made her own evaluation, which was scheduled for July 25, 2018. (Doc. 1-3 ¶ 7). The suspension on both sides of the chair failed before Donna's evaluation. (Doc. 1-3 ¶ 8). On July 11, 2018, the chair lifted and slammed plaintiffs left foot into bus gate while she was boarding a bus. (*Id.*). Plaintiff suffered a broken toe as a result. (*Id.*) At her meeting with Donna, it was agreed that a new scooter would be ordered. (Doc. 1-3 ¶ 9). When Plaintiff returned to the VA to pick up the scooter, she was told the scooter disappeared. (Doc. 1-3 ¶ 12). Plaintiff says that another scooter was ordered and was supposed to be delivered two months later but no delivery was ever made. (*Id.*). She also alleges that there is a dispute about whether the new scooter was a three-wheel scooter or a four-wheel scooter. (Doc. 1-3 ¶ 15).

Plaintiff stated that Claim 1 is supported by the Federal Tort Claim Acts, Culpable Negligence, and Professional Negligence/malpractice. (Doc. 1-3 at 5). She stated that Claim 2 is supported by Breach of Contract, NE Code 44-2810 and 13-302. (Doc. 1-3 at 5).

## II. LEGAL STANDARD

### A. Failure to State a Claim

To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Rule 8(a)(2). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A complaint that sets forth a cognizable legal theory will survive a motion to dismiss if it contains sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Facial plausibility exists if the pleader sets forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Plausibility does not equal "probability," but requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

"A party does not need to plead specific legal theories in the complaint, as long as the opposing party receives notice as to what is at issue in the lawsuit." *Elec. Constr. & Maint. Co. v. Maeda Pac. Corp.*, 764 F.2d 619, 622 (9th Cir.1985) (citing *Am. Timber & Trading Co. v. First Nat'l Bank of Or.*, 690 F.2d 781, 786 (9th Cir. 1982)). "The complaint should not be dismissed merely because plaintiff's allegations do not support the legal theory he intends to proceed on, since the court is under a duty to examine the complaint to determine if the allegations provide for relief on any possible theory." *Pruitt v. Cheney*, 963 F.2d 1160, 1164 (9th Cir. 1991), *amended* (May 8, 1992) (quoting 5A C. Wright & A. Miller, *Federal Practice and Procedure* § 1357 at 336–37 (1990)). Furthermore, "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Rivera v. Coventry Health & Life Ins. Co.*, No. CV-15-02213-PHX-GMS, 2016 WL 3548763, at *2 (D. Ariz. June 30, 2016) (quoting *Erickson v. Pardus*, 551 U.S.

89, 94 (2007)). Courts should "continue to construe *pro se* filings liberally when evaluating them under *Iqbal*." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). In ruling on a Rule 12(b)(6) motion to dismiss, the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).

### B. Insufficient Service of Process

Rule 12(b)(5) allows a party to move to dismiss claims against it for insufficient service of process. Fed R. Civ. P. 12(b)(5). "A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4." *Travelers Cas. & Sur. Co. of Am. v. Brenneke*, 551 F.3d 1132, 1135 (9th Cir. 2009) (citation omitted). While "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint[,]" *Whidbee v. Pierce Cty.*, 857 F.3d 1019, 1023 (9th Cir. 2017), "neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction" absent substantial compliance with its requirements. *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986). The serving party bears the burden of establishing the validity of service. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).

### C. Personal Jurisdiction

Prior to trial, a defendant may move to dismiss the complaint for lack of personal jurisdiction. *Data Disc, Inc. v. Systems Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977); Fed. R. Civ. P. 12(b)(2). Plaintiffs bear the burden of establishing personal jurisdiction. *Ziegler v. Indian River Cty.*, 64 F.3d 470, 473 (9th Cir. 1995). Where the motion is based on written materials rather than an evidentiary hearing, "the plaintiff need only make a prima facie showing of jurisdictional facts." *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990). In determining whether the plaintiff has met this burden, uncontroverted allegations in the plaintiff's complaint must be taken as true, and "conflicts between the facts contained in the parties' affidavits must be resolved in [the plaintiff's] favor for purposes of deciding whether a prima facie case for personal jurisdiction exists."

*AT & T v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996).

### III. ANALYSIS

#### A. Procedural Defect

In addition to Plaintiff's Response (Doc. 22), Plaintiff filed an additional "Reply" (Doc. 27) without moving for leave to do so. The rules do not contain a provision allowing parties to file sur-replies. *See Armenta v. Spencer*, No. CV-16-00697-TUC-DCB, 2018 WL 4698648, at *1 (D. Ariz. Oct. 1, 2018) ("There is no provision for Sur-replies."). And even then, "[c]ourts generally view motions for leave to file a sur-reply with disfavor." *Whitewater W. Indus., Ltd. v. Pac. Surf Designs, Inc.*, No. 3:17-CV-01118-BEN-BLM, 2018 WL 3198800, at *1 (S.D. Cal. June 26, 2018). The Court will strike Doc. 27 to the extent it is a second response to Defendant's Motion to Dismiss or a "sur-reply" to Defendant's Reply.

#### B. Failure to State a Claim

AAA argues that the Complaint does not allege a cause of action or facts that would give rise to AAA's liability. AAA notes that the only allegations against AAA in the Complaint are that AAA "sent out technicians who evaluated the chair; findings: bent right tire, bolt missing from rt side suspension, worn wheel"; that Plaintiff "had to call AAA Mobility a month later, to find out that Donna (VA Rehab) would not permit the needed repairs until she made her own personal unwarranted evaluation"; and that Defendant VA "ignored" Plaintiff's request for a replacement power chair from a different distributor due to an alleged "long standing relationship with Daniel and AAA Mobility." (Doc. 10 at 5). AAA asserts that these allegations, even when taken as true, do not constitute a cognizable legal theory.

Plaintiff does address AAA's argument in her response but only reiterates the facts alleged in the Complaint. In the Complaint, Plaintiff asserts liability under the Federal Tort Claim Acts ("FTCA"), but "the United States is the only proper party defendant in an FTCA action[.]" *Kennedy v. U.S. Postal Serv.*, 145 F.3d 1077, 1078 (9th Cir. 1998). Plaintiff also asserts liability under claims of "Culpable Negligence" and "Professional

Negligence/malpractice," but has not made any allegations of negligence. Additionally, she asserts liability for Breach of Contract, but none of the allegations indicate there was a contract between Plaintiff and AAA. Lastly, she asserts liability under NE Code 44-2810 and 13-302. "NE Code 44-2810" is a statute under Nebraska's Hospital-Medical Liability Act. Plaintiff has alleged no activities occurring in Nebraska, or even outside of the state of Arizona. "13-302 Criminal Liability," which the Court assumes refers to A.R.S. § 13-302, is a statute in Arizona's criminal code. "The general rule is that no private cause of action should be inferred based on a criminal statute where there is no indication whatsoever that the legislature intended to protect any special group by creating a private cause of action by a member of that group," *Phoenix Baptist Hosp. & Med. Ctr., Inc. v. Aiken*, 877 P.2d 1345, 1350 (Ariz. Ct. App. 1994) (internal quotation marks and citation omitted). These statutes are inapplicable to Plaintiff's alleged facts.

Based on the sparse allegations against AAA and lack of cognizable legal theory, Plaintiff has failed to state a plausible claim to relief. AAA's Motion to Dismiss is therefore granted.

### C. Lack of Service/ Lack of Personal Jurisdiction

Even if Plaintiff's Complaint had stated a claim, AAA alleges that the Court lacks jurisdiction over it because it was not properly served. Plaintiff does not address AAA's allegation in her response.

Service of Process had to be completed within 90 days of filing under either the Arizona Rules of Civil Procedure, Rule 4.1 and 4, or Federal Rules of Civil Procedure, Rule 4. The service deadline was February 4, 2019. No service was accomplished by that date and Plaintiff never requested an extension of time for service. While the filed notice of service lists the defendant as "Department of Veteran/AAA Mobility," it also shows that service was effected only at the "VA Hospital Legal Department." (Doc. 1-3 at 23). AAA asserts it has never been served, and it is the serving party that bears the burden of establishing the validity of service. *Brockmeyer*, 383 F.3d at 801. Plaintiff has not met her burden of establishing that AAA was properly served.

Therefore, the Court lacks jurisdiction over Defendant AAA and dismisses Plaintiff's Complaint under Rule 12(b)(5) without prejudice.

### D. Attorney's Fees

AAA requests attorney's fees on the basis that Plaintiff has alleged a breach of contract. Under A.R.S. § 12-341.01, "[i]n any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney fees." When determining whether attorney's fees should be granted under § 12-341.01, the Court can consider the following factors: (1) "The merits of the claim or defense presented by the unsuccessful party"; (2) "The litigation could have been avoided or settled and the successful party's efforts were completely superfluous in achieving the result"; (3) "Assessing fees against the unsuccessful party would cause an extreme hardship"; (4) "The successful party did not prevail with respect to all of the relief sought"; (5) "[T]he novelty of the legal question presented, and whether such claim or defense had previously been adjudicated in this jurisdiction"; (6) "[W]hether the award in any particular case would discourage other parties with tenable claims or defenses from litigating or defending legitimate contract issues for fear of incurring liability for substantial amounts of attorney's fees." *Associated Indem. Corp. v. Warner*, 694 P.2d 1181, 1184 (1985).

The Court denies AAA's request for attorney's fees, noting that assessing fees in this case would cause Plaintiff an extreme hardship.

Accordingly,

**IT IS ORDERED granting** Defendant AAA Mobility Specialists, LLC's Motion to Dismiss and denying its request for attorney's fees (Doc. 10).

**IT IS FURTHER ORDERED striking** Plaintiff's "sur-reply" (Doc. 27).

Dated this 4th day of September, 2019.

Honorable Susan M. Brnovich
United States District Judge